```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INTERVENTIONAL THERAPIES, LLC
and LSI SOLUTIONS, INC.,
                                                   03-CV-6644(T)

             Plaintiffs,

        v.                                         DECISION &
                                                   ORDER

ABBOTT LABORATORIES and
PERCLOSE, INC.,

             Defendants.
_____
```

## INTRODUCTION

Plaintiffs Interventional Therapies ("IT") and LSI Solutions, Inc. ("LSI") (collectively "plaintiffs") bring this patent infringement action against defendants Abbott Laboratories ("Abbott") and Perclose, Inc. ("Perclose") (collectively "defendants"), claiming that defendants have infringed a patent owned by LSI, United States Patent 6,641,592 (the '592 Patent).[1] The patent, which is licensed exclusively within the field of use of ateriotomy closure by IT, teaches a percutaneous vessel closure device used to make blind sutures in vascular wounds, such as a puncture hole, following an intravascular catheterization procedure.

---

[1] A copy of the '592 Patent can be found attached to plaintiffs' Second Amended Complaint. (Doc. No. 102, Ex. A).

On May 9, 2005, defendants filed an Answer to Plaintiffs' Second Amended Complaint, in which they assert the affirmative defense of inequitable conduct before the Patent and Trademark Office ("inequitable conduct"). (Doc. No. 93). Plaintiffs now move pursuant to Federal Rule of Civil Procedure 12(f) to strike this defense. For the reasons set forth below, plaintiffs' motion is denied.

## BACKGROUND

Plaintiff initiated this action on December 19, 2003 by filing a Complaint, alleging that the "Perclose A-T," a device manufactured and sold by defendants, infringed the '592 Patent. (Doc. No. 1). Defendants filed an Answer to the Complaint on February 24, 2004. (Doc. No. 3). By Stipulation dated July 28, 2004, plaintiffs were allowed to amend their complaint. (Doc. No. 32).[2] On February 10, 2005, plaintiffs moved to amend their Complaint for a second time in order to allege that another product manufactured and sold by defendants, the "Perclose ProGlide," also infringed the '592 Patent. (Doc. No. 56). Defendants then moved, on February 11, 2005, to amend their Answer so as to allege the affirmative defense of inequitable conduct before the Patent and Trademark Office. (Doc. No. 59). Along with that motion,

---

[2]The docket report does not indicate whether plaintiffs' First Amended Complaint was filed, but a proposed copy of the First Amended Complaint was attached to Plaintiff's First Motion to Amend/Correct. (Doc. No. 18).

defendants submitted a proposed Amended Answer which set forth their allegations of inequitable conduct. (Doc. No. 60). On April 25, 2005, Magistrate Judge Feldman held a hearing on these two motions, and by Order dated April 26, 2005, he granted plaintiffs' motion to file a second amended complaint and denied defendants' motion to file an amended answer. (Doc. No. 90). In so doing, Judge Feldman determined that defendants had failed to plead their inequitable conduct defense with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). Nonetheless, he gave defendants until May 9, 2005 to file an Amended Answer alleging the affirmative defense with greater specificity, which they did on May 9, 2005 (Doc. No. 93).

## DISCUSSION

Plaintiffs request that defendants' inequitable conduct defense be stricken, alleging that it is insufficiently pleaded under the special pleading requirements of Federal Rule of Civil Procedure 9(b). Specifically, plaintiffs claim that defendants fail to: (1) explain why nondisclosure of the '686 Patent and the '010 Patent during the prosecution of the '592 Patent constitutes inequitable conduct; and (2) cite precisely when the alleged acts occurred. Defendants contend that the defense is stated with sufficient particularity, and that in fact their pleadings exceed the requirements of Rule 9(b).

A court may "order stricken from any pleading any insufficient defense. . ." FED.R.CIV.P. 12(f).  Where, as here, the defense sounds in fraud, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure apply, and the circumstances surrounding the fraud must be stated with particularity.  FED.R.CIV.P. 9(b).  The general purpose of this requirement is to provide the party defending the claim with sufficient notice to adequately respond to the allegations. Michaels Building Company v. Ameritrust Company, N.A., 848 F.2d 674, 680 (6th Cir.1988).

To state a valid defense of inequitable conduct, a defendant must: (1) specify the alleged fraudulent conduct; (2) identify to whom the alleged fraudulent conduct may be attributed; (3) state where and when the conduct occurred; and (4) explain why the conduct is inequitable.  See Boss Prducts Corporation v. Tapco International Corp., 2001 WL 135819, *4 (W.D.N.Y.2001) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994).  Conduct before the Patent and Trademark Office is inequitable only where it is both material and intended. Halliburton Company v. Schlumberger Technology Corporation, 295 F.2d 1435, 1439 (2d Cir.1991).  In short, a defendant "must plead the who, what, when and where of the alleged inequitable conduct." Videojet Systems International, Inc. v. Eagle Inks, Inc., 14 F. Supp.2d 1046, 1049 (N.D. Ill.1998) (quoting Uni*Quality, Inc. v.

Infotronx, Inc., 974 F.2d 918, 923 (7th Cir.1992).

Defendants' pleadings satisfy each element of this heightened standard. First, defendants sufficiently identify the alleged fraudulent conduct by claiming that plaintiffs failed to properly disclose the '686 Patent and the '010 Patent in the course of prosecuting the '592 Patent. See Abbott's Answer to Second Amended Complaint, "Affirmative Defenses", ¶ 4(c). Second, defendants adequately attribute the alleged omission to the inventors of the '592 Patent, Jude S. Sauer and John F. Hammond, as well as the attorneys who prosecuted the '592 Patent on behalf of IT. See See Abbott's Answer to Second Amended Complaint, "Affirmative Defenses", ¶¶ 4(c), 4(h), 4(i), 4(o), 4(p), 4(q), 4(r), 4(s), 4(t), and 4(u). Third, defendants claim that the omission occurred before the Patent and Trademark Office between November 15, 2000 and November 4, 2003 and particularly on January 11, 2001. See Abbott's Answer to Second Amended Complaint, "Affirmative Defenses", ¶¶ 4(e), 4(u). Given that nondisclosure allegations are generally "somewhat amorphous," defendants' ability to cite a specific date is especially effective. See Smith & Nephew, Inc. v. Surgical Solutions, Inc., 353 F.Supp. 2d 135, 140 (D.Mass.2004). Lastly, defendants satisfactorily allege that the omission was both material and intended. Specifically, defendants allege that there exists no difference between Claim 1 of the '592 Patent and Claim 1 of the '686 Patent. See Abbott's Answer to Second Amended

Complaint, "Affirmative Defenses", ¶¶ 4(d)-(m). Defendants also allege that plaintiffs were well aware of the '686 Patent because they had been involved in previous litigation concerning that patent. See Abbott's Answer to Second Amended Complaint, "Affirmative Defenses", ¶¶ 4(f), 4(o). Certainly, defendants' pleading provides plaintiff with sufficient notice to adequately respond to the allegations.

Nonetheless, plaintiffs contend in their reply brief that defendants must allege with specificity that the '686 Patent and the '010 Patent were more material to the prosecution of the '592 Patent than other prior art disclosed during the prosecution and that the '686 Patent and the '010 Patent were not cumulative of those patents disclosed at that time. The cases to which plaintiff refers, however, deal not with the sufficiency of an inequitable conduct defense at the pleading stage under Rule 9(b), but rather the level of proof necessary to establish a valid defense of inequitable conduct at the fact-finding stage. See Regents of the University of California v. Eli Lily and Company, 119 F.3d 1559, 1574-1575 (Fed. Cir.1997) (at trial stage defendant must demonstrate by clear and convincing evidence that plaintiff not only failed to present material information to the PTO, but also that the omitted information was not cumulative of the information plaintiff did submit); Eli Lily and Company v. Zenith Goldline Pharmaceuticals, Inc., 364 F. Supp.2d 820, 915 (S.D.Ind.2005)

(same).  Since plaintiffs present no authority that there exists a requirement that defendants must, at this early stage, prove by clear and convincing evidence that the '686 Patent and the '010 Patent are more material to the prosecution of the '592 Patent than the prior art presented during the prosecution of the '592 Patent, or that the '686 Patent and the '010 Patent are not cumulative of prior art presented at the prosecution of the '592 Patent, their motion to strike the defense must be denied.

## **CONCLUSION**

For the reasons set forth above, I find that defendants' affirmative defense of inequitable conduct before the Patent and Trademark Office satisfies the pleading requirements of Rule 9(b).  Accordingly, plaintiffs' motion to strike defendants' inequitable conduct defense is denied.

The parties are hereby directed to complete the scheduled depositions forthwith, and then report to this Court to establish a schedule for the balance of discovery.
ALL OF THE ABOVE IS SO ORDERED.

                                            S/ Michael A. Telesca
                                               MICHAEL A. TELESCA
                                        United States District Judge

Dated:   Rochester, New York
         June 15, 2005