UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INTERVENTIONAL THERAPIES, LLC and
LASERSURGE, INC.,

                          Plaintiffs,      03-CV-6644T

     v.                          **DECISION AND ORDER**

ABBOTT LABORATORIES and
ABBOTT VASCULAR, INC. ,

                          Defendants.
_____

     Plaintiffs Interventional Therapies, Inc., ("IT") and Lasersurge, Inc., ("LSI") bring this patent infringement case against defendants Abbott Laboratories, and Abbott Vascular, Inc. (collectively "Abbott").  LSI is the assignee and owner of U.S. Letters Patent 6,641,592 (the "'592 Patent").  IT is the exclusive licensee of the rights under the '592 patent within the field of use of ateriotomy closure.  Plaintiffs contend that the Abbott defendants have introduced a suturing device that infringes on the '592 patent.

     Abbott moves to bifurcate trial of this action pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Specifically, Abbott seeks to bifurcate the trial into two portions: the first resolving the issues of infringement, validity, and enforcement, and the second, if necessary, resolving the issue of willfulness and damages.  Abbott also moves to stay discovery on the issues of willfulness and damages until completion of the liability.  Abbott contends that bifurcation will conserve the

resources of the court and the parties by allowing the court to first determine whether or not defendants are liable for infringement. Defendants additionally assert that they will be prejudiced if they are required to engage in discovery of the willfulness issue while the issue of liability remains pending. Defendants assert that they would be highly prejudiced if certain documents that are central to their wilfulness defense could be discovered during the liability phase, on grounds that those documents contain sensitive attorney work product regarding the instant litigation.[1]

Plaintiffs oppose defendants' motion on grounds that bifurcation will needlessly delay resolution of this action, that several of the damages issues overlap with liability issues and therefore bifurcation is inappropriate, that bifurcation will cause them prejudice, and that the defendants have not adequately demonstrated that they will be prejudiced if the case is allowed to proceed without bifurcation.

I find that judicial economy is best served by bifurcating this action into two separate phases. The first phase shall focus on liability. The second phase, if necessary, shall focus on damages, including the issue of wilful infringement. Discovery on

---

[1] Defendants have filed a motion for leave to file the confidential attorney letter under seal for the purpose of allowing the court to examine the letter and determine whether or not defendants will suffer actual prejudice should the case be allowed to proceed without bifurcation. (see Docket item no. 80)  I deny defendants' motion as moot for the reasons set forth in this Decision and Order.

the issues of willfulness and damages shall be stayed pending completion of the liability phase.  Because I find that judicial economy is best served by bifuraction, I need not consider whether or not the court should review certain attorney letters. Accordingly, I grant defendants' motion to bifurcate, and deny as moot defendants' motion for leave to file documents under seal.

ALL OF THE ABOVE IS SO ORDERED

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   August 25, 2005
         Rochester, New York